J-S34011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE L. BROWN | : | |
| | : | |
| Appellant | : | No. 1267 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 24, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003627-2018

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:                    **FILED SEPTEMBER 15, 2020**

Terrance L. Brown appeals from the judgment of sentence imposed on June 24, 2019, in the Court of Common Pleas of Dauphin County.  A jury convicted him of strangulation and simple assault,[1] but acquitted him of attempted murder, aggravated assault, and terroristic threats.[2]  The trial court sentenced Appellant to an aggregate term of 3 to 10 years' imprisonment.

Contemporaneous with this appeal, Appellant's counsel has filed a petition to withdraw from representation and an *Anders* brief.[3]  *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434

_____

[1] 18 Pa.C.S. §§ 2718(a)(1) and 2701(a)(1), respectively.

[2] 18 Pa.C.S.A. §§ 901, 2702(a), and 2706, respectively.

[3] On March 11, 2020, the Commonwealth informed this Court it would not file a brief in this matter.

A.2d 1185 (Pa. 1981). The two issues addressed in the **Anders** brief are challenges to the weight and sufficiency of the evidence. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm and grant counsel's application to withdraw.

We take the underlying facts and procedural history in this matter from the trial court's October 7, 2019 opinion and our independent review of the certified record.

> The testimony at trial revealed the following facts. [R.H.] ("victim") and Terrance Brown ("Appellant") started a relationship in 2015. They lived together for a short period of time and had a sexual relationship together. On June 9, 2018[,] the victim and the Appellant were drinking and having fun. They decided to spend the night together at a local hotel, the Red Roof Inn ("hotel"). While at the hotel, the victim and the Appellant began to argue and it turned into a physical confrontation. The victim testified that the Appellant grabbed her neck and [choked] her while she was sitting on the bed. The victim was knocked off the bed and into the wall and was [choked], hit, and kicked. At this point, the victim went into the bathroom and called her mom. The Appellant went for food, while the victim was in the bathroom, and when the Appellant returned, he busted through the bathroom door and started arguing with the victim again. The Appellant grabbed the victim by her throat and held her underwater. The victim testified that the Appellant had a foot on her chest and his hands around her throat. Additionally, the victim testified that the Appellant told her he was "gonna kill me."
>
> The victim got out of the bathtub, got dressed, and went back out to the room where the fighting continued. The Appellant punched the victim in her eye and her jaw. The victim went back into the bathroom and got into the tub a second time. During this second encounter in the bathroom, the Appellant held the victim by the throat underwater and would not let go. The victim was unable to breath and blacked out. After this, the victim messaged her mother to call the police. The victim's mother called the front desk and the front desk attendant went and knocked on the room where the victim and Appellant were. Once the victim answered

- 2 -

the door, she left the hotel and walked to her sister's place. In the morning, the victim woke up and called the police. She went down to the police station and took some pictures. Finally, the victim testified that she did not want to go to the hospital because she was embarrassed and had lasting headaches due to her injuries sustained.

Police Officer Dominic Payne, a patrolman with the Swatara Township Police Department, was dispatched on June 10, 2018[,] to [interview] the victim. When Officer Payne first arrived, he observed injuries to the victim's face, arm, and neck and back area. He also took follow up pictures of the incident. The victim's mother also briefly testified that she got a text to call the cops and that her daughter sounded upset. Finally, the Commonwealth briefly introduced the testimony of the victim's niece who testified that she was about to go pick up the victim from the hotel but the victim was already at her house. She testified that the victim looked bruised and generally described the injuries that she saw.

The [d]efense offered the testimony of the front desk attendant at the Red Roof Inn, Shawn Slaughter. Mr. Slaughter testified that he received a call and went to knock on the door. When he knocked on the door, Mr. Slaughter testified that the victim told him that everything was OK and that he could not see any injuries or tell if the victim was crying. He also testified that she shut the door and did not leave. On cross-examination, Mr. Slaughter indicated that he was convicted and found guilty of a prior burglary. The Appellant also testified on his own behalf. He described how he and the victim met on Facebook and generally what he did on the day of the incident. The Appellant testified that the victim alleges, at some point, that he cheated on her and an argument ensues and that he planned on ending the relationship. The Appellant also testified that the victim tried to grab the mounted television and that he had to hold her back. Furthermore, the Appellant testified that the victim broke the dresser and kept hitting herself with the dresser drawer. Next, the Appellant testified that he broke through the bathroom door and found the victim sitting in the tub with the toilet lid on her lap. The Appellant testified that when he reached for the toilet lid, it slipped and hit the victim on the chin.

Trial Court Opinion, 10/07/19, at 2-4 (record citations omitted).

After hearing the evidence, the jury convicted Appellant of the charges. On June 24, 2019, following receipt of a pre-sentence investigation report, the trial court sentenced Appellant. On July 5, 2019, Appellant filed a post-sentence motion to modify his sentence. The trial court denied the motion on July 22, 2019. The instant timely appeal followed.[4]

Preliminarily, we note when counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *See Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). Here, our review of the record reveals counsel has substantially complied with the requirements for withdrawal outlined in *Anders* and its progeny.

Specifically, counsel requested permission to withdraw based upon her determination the appeal is "wholly frivolous and without merit," Application for Leave to Withdraw as Counsel, 3/10/20, at 2, filed an *Anders* brief pursuant to the dictates of *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the *Anders* brief to Appellant and advised him of his right to retain new counsel or proceed *pro se*.[5] *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover,

---

[4] In response to the trial court's order, and after requesting and receiving an extension of time, Appellant filed a timely Rule 1925(b) statement on September 13, 2019. On October 7, 2019, the trial court issued an opinion.

[5] *See* Application for Leave to Withdraw as Counsel, 3/10/20, at 2-3.

our review of the record reveals no correspondence from Appellant responding to the **Anders** brief. Accordingly, we will proceed to examine the issues counsel identified in the **Anders** brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).[6]

First, Appellant challenges the weight of the evidence. **See Anders** Brief at 18-19. However, as counsel correctly notes, such a claim is wholly frivolous because Appellant waived it. **Id.**

> [A] challenge to the weight of the evidence must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607(A)(1)-(3). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Comment to Pa.R.Crim.P. 607. If an appellant never gives the trial court the opportunity to provide relief, then there is no discretionary act that this Court can review. **Commonwealth v. Thompson**, 93 A.3d 478, 491 (Pa. Super. 2014).

**Commonwealth v. Jones**, 191 A.3d 830, 834-835 (Pa. Super. 2018) (footnotes omitted). Further, a party cannot raise an issue for the first time in a Rule 1925(b) statement. **Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived).

---

[6] **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa. Super. 2018) (*en banc*).

Here, Appellant did not raise the claim in his post-sentence motion or at sentencing. *See* Motion to Modify Sentence, 7/05/19, at 2-3. Rather, he raised the issue for the first time in his Rule 1925(b) statement. Concise Statement of Errors Complained of on Appeal Pursuant to Appellate Rule of Procedure 1925(b), 9/13/19, at unnumbered page 2 Accordingly, we conclude Appellant waived his weight of the evidence claim for failure to raise the issue with the trial court, and we need not address it further.

Second, Appellant contends the evidence was insufficient to support his conviction for strangulation. *See Anders* Brief, at 19-25. Specifically, he claims the Commonwealth presented insufficient evidence to establish that he intentionally or knowingly impeded the breathing of the victim. *See id*., at 22.

Our standard of review of a sufficiency claim is well settled:

Our standard for evaluating sufficiency of the evidence is whether the evidence, viewed in the light most favorable to the Commonwealth [as verdict winner], is sufficient to enable a reasonable [factfinder] to find every element of the crime beyond a reasonable doubt. [T]he entire trial record must be evaluated and all evidence actually received must be considered, whether or not the trial court's rulings thereon were correct. Moreover, [t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Shull*, 148 A.3d 820, 844 (Pa. Super. 2016) (citation omitted).

Here, as counsel correctly notes in the **Anders** brief, the offense of strangulation is a relatively new one, which took effect on December 27, 2016. Since that date, this Court has addressed the issue of the sufficiency of the evidence for strangulation in three non-precedential memoranda, **Commonwealth v. Frasier**, 1453 MDA 2019 (Pa. Super. Mar. 27, 2020); **Commonwealth v. Heinold**, 288 WDA 2019 (Pa. Super. Dec. 12, 2019), and **Commonwealth v. Newfield**, 3353 EDA 2018 (Pa. Super. May 10, 2019). While this dearth of precedent allows for more room to argue the point, we ultimately agree with counsel that a claim that the evidence in this case was insufficient is wholly frivolous.

Appellant was guilty of strangulation if he "knowingly or intentionally impede[d] the breathing or circulation of blood of another person by … applying pressure to the throat or neck." 18 Pa.C.S.A. 2718. Here, the victim testified to at least three separate incidents where Appellant applied pressure to her neck. First, she stated that after Appellant struck her jaw, he grabbed her neck and "choked" her. **See** N.T., Jury Trial, 5/6-8, 2019, at 67.

After that struggle ended, the victim took a bath. Appellant broke into the bathroom, grabbed the victim by her throat again, and held her face underwater. **See id**., at 72. As he grabbed her neck, Appellant told the victim that he would kill her. **See id**., at 74. Once again, Appellant stopped himself before killing the victim and walked out of the bathroom.

However, he subsequently returned to the bathroom and grabbed the victim by her throat again. *See id*., at 79. And once again, he held her head under the water. *See id*. The victim could not breathe. *See id*. Eventually, she passed out. *See id*. When she awoke, Appellant was no longer in the bathroom. *See id*.

The Commonwealth presented pictures of the victim's injuries from the next day. In particular, the Commonwealth presented a picture that showed bruising of the victim's neck from her chin to her collarbone. *See id*., at 94.

If believed, this evidence was certainly sufficient to establish that Appellant intentionally impeded the victim's breathing by applying pressure to her neck. Appellant grabbed her by the neck multiple times, threatened to kill her, and applied enough pressure to leave her neck severely bruised. The jury was entitled to infer that Appellant intended the pressure to the victim's neck to impede her breathing.

We agree with counsel's determination that the issues presented on appeal are frivolous. Further, our review of the record reveals no other, non-frivolous issues that Appellant could raise.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/15/2020</u>